UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAYMOND EDWARD DILL,

        Plaintiff,

  v.

CAMDEN COUNTY JAIL,

        Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-6408(JBS-AMD)

**OPINION**

APPEARANCES:

Raymond Edward Dill, Plaintiff Pro Se
1208 Clements Bridge Road, Apt 7
Barrington, NJ 08007

**SIMANDLE, U.S. District Judge:**

    1. Plaintiff Raymond Edward Dill seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ"). Complaint, Docket Entry 1.

    2. Based on Plaintiff's affidavit of indigency, the Court will grant his *in forma pauperis* application. Docket Entry 1-2.

    3. Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

4. For the reasons set forth below, the Court will dismiss the complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

5. To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

6. Plaintiff alleges he was mistreated by CCJ officers between 2007 and 2009. Complaint § III. He alleges he was stripped searched "in an unlikely matter" when he was brought in the facility and told to do other "unconstitutionable [sic]" things. *Id.*

7. Plaintiff's complaint is barred by the statute of limitations, which is governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010).[1] The accrual date of a § 1983 action is determined by federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

8. "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted). Plaintiff knew of the allegedly unconstitutional actions of the officers at the CCJ at the time his detention ended in 2009; therefore, the statute of limitations for Plaintiff's claims expired in 2011 at the latest. As there are no grounds for equitable tolling of the statute of limitations,[2]

---

[1] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x

3

the complaint will be dismissed with prejudice, meaning Plaintiff may not refile his complaint. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

9. For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim.

10. An appropriate order follows.


**August 15, 2018**         **s/ Jerome B. Simandle**
Date        JEROME B. SIMANDLE
       U.S. District Judge

---

162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).